Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

FILED

# UNITED STATES DISTRICT COURT

2026 JAN 22 PM 3:53

for the

Western District of Texas ▼

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

_____AUSTIN_____ Division

JAMES MICHAEL SAILORS

Case No. **1:26CV00165** DAE

)
)
)
)

*(to be filled in by the Clerk's Office)*

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

**-v-**

SEE ATTACHED

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Jury Trial: *(check one)* ☑ Yes  ☐ No

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.      The Parties to This Complaint

### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | James Michael Sailors |
| Address | 1300 w 24th st  B109 |
| | austin                          tx                  78705 |
| | City                          State                  Zip Code |
| County | travis |
| Telephone Number | 512-200-1215 |
| E-Mail Address | james.sailors22@gmail.com |

### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Stg.  ALEXANDER LOMOVSTEV #6317 |
| Job or Title *(if known)* | sargent - austin police department auto theft unit |
| Address | |
| | austin                          tx |
| | City                          State                  Zip Code |
| County | travis |
| Telephone Number | |
| E-Mail Address *(if known)* | Alexander.Lomovstev@austintexas.gov |

☑ Individual capacity          ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Det. JULIAN OGLE # 7787 |
| Job or Title *(if known)* | detective - Austin Police Department auto theft unit |
| Address | |
| | austin                          tx |
| | City                          State                  Zip Code |
| County | travis |
| Telephone Number | |
| E-Mail Address *(if known)* | Julian.Ogle@austintexas.gov |

☑ Individual capacity          ☐ Official capacity

Defendant No. 3

Name — Det. KYLE JENNINGS #7076

Job or Title *(if known)* — Detective - Austin Police Department auto theft unit

Address

| austin | tx | |
|---|---|---|
| City | State | Zip Code |

County — Travis

Telephone Number

E-Mail Address *(if known)* — Kyle.Jennings@austintexas.gov

[✓] Individual capacity      [ ] Official capacity

Defendant No. 4

Name — ADA. WILLIA COCKSHUT

Job or Title *(if known)* — assistant district attorney - Travis County District Attorneys office

Address

| austin | tx | 78701 |
|---|---|---|
| City | State | Zip Code |

County — travis

Telephone Number

E-Mail Address *(if known)* — Willa.Cockshutt@traviscountytx.gov

[✓] Individual capacity      [ ] Official capacity

## II.     Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? see attached

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.
see attached

## III.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?
Austin Texas , Travis county

B.   What date and approximate time did the events giving rise to your claim(s) occur?
SEE ATTACHED

C.   What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*
SEE ATTACHED

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.
**SEE ATTACHED**

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.
**SEE ATTACHED**

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        01/21/2026

Signature of Plaintiff        *James M Sailors*

Printed Name of Plaintiff    JAMES MICHAEL SAILORS

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

Telephone Number

E-mail Address

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION


JAMES MICHAEL SAILORS,

Plaintiff,

v.

OFC. KYLE JENNINGS #7076,
SGT. ALEXANDER LOMOVSTEV ##6317,
OFC. JULIAN OGLE # 7787,
OFC. VINCENT NGUYEN #9583,
OFC. JOE AGUILAR #8267,
OFC. JONATHON BYNUM #5611,
ADA WILLIA COCKSHUT,
Each in their Individual Capacity,

Defendants.

Civil Action No. 1 : 26 CV 00165 DAE


**PLAINTIFF'S ORIGINAL COMPLAINT**
(42 U.S.C. §§ 1983 and 1985)

**I. JURISDICTION AND VENUE**

1. This action arises under 42 U.S.C. §§ 1983 and 1985 for violations of the Fourth and Fourteenth Amendments.

2. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper under 28 U.S.C. § 1391(b) because the operative events occurred in Travis County, Texas.

**II. PARTIES**

4. Plaintiff James Michael Sailors is a resident of Austin, Texas and the lawful title holder of the vehicles at issue.

5. Defendants are law-enforcement officers or state officials acting under color of state law. Defendants are sued in their individual capacities as specified in the caption.

## III. STATEMENT OF FACTS

### A. The Mazda CX5

6. On September 11, 2023, Plaintiff acquired a Mazda CX5 and submitted a completed title transfer application under Tex. Transp. Code § 501.029, constituting prima facie legal proof of ownership for law-enforcement purposes.

7. Plaintiff provided Defendant Jennings with documentary proof of ownership and a 311 report #2333621, showing that the prior owner threatened to file a knowingly false theft report.

8. Defendant Jennings possessed actual knowledge of the falsity of the theft allegation and that Plaintiff was the lawful owner.

9. Despite statutory proof and actual knowledge of Plaintiff's ownership, Defendant Jennings maintained a law-enforcement hold on the vehicle. And did seize the vehicle on December 26th, 2023

10. On February 1, 2024, without a warrant, probable cause, notice, or any forfeiture proceeding under Chapter 59 of the Texas Code of Criminal Procedure, Defendants seized the Mazda and facilitated a summary transfer to a third party, after which the vehicle was destroyed.

11. Defendants acted pursuant to an established departmental practice of "hold and release," rather than any random or unauthorized deviation from policy.

### B. The Mercedes AMG

12. On November 6, 2023, Plaintiff lawfully purchased a 2021 Mercedes AMG GT 63 S.

13.     Defendants Lomovstev and Ogle, acting in coordination with Defendants Aguilar and Bynum, relied on a demonstrably false civil assertion that Plaintiff was deceased to justify a warrantless seizure.

14.     Defendants Aguilar and Lomovstev, while acting under color of state law, facilitated coordination between Horizon Bank and other law-enforcement defendants in connection with the seizure.

15.     On January 25, 2024, Defendant Lomovstev admitted on recorded video that Plaintiff was the registered owner, yet Defendants forcibly seized the vehicle and keys by display of authority and threat of arrest.

16.     No forfeiture petition was filed within the thirty-day statutory period required by Texas law, no notice was served, and no judicial authorization was obtained. Defendants facilitated an extrajudicial transfer of Plaintiff's property to private actors without hearing.

17.     Defendants filed no forfeiture petition, served no notice, and conducted no hearing.

18.     Defendants transferred the Mercedes to private actors through an extrajudicial process, effectuating a de facto forfeiture without judicial review.

## IV. CAUSES OF ACTION

### Count I – Fourth Amendment – Unreasonable Seizure (§1983)

19.     Defendants seized Plaintiff's vehicles without a warrant, probable cause, or exigent circumstances.

20.     Once Defendants possessed statutory proof and actual knowledge of Plaintiff's ownership, any continued seizure was objectively unreasonable under clearly established law.

### Count II – Fourteenth Amendment – Procedural Due Process (§1983)

21.     Plaintiff possessed substantial protected property interests in both vehicles.

22.     Defendants failed to initiate any judicial forfeiture proceeding or obtain judicial authorization prior to disposition of the vehicles, despite Texas law requiring prompt filing and service upon known owners before property may be retained or transferred.

23. The absence of process created an intolerable risk of erroneous deprivation, particularly where Defendants relied on false claims and bypassed mandatory statutory safeguards.

## Count III – Civil Conspiracy (§1985 (3))

24. Defendants reached a meeting of the minds to misuse state authority to accomplish a private deprivation not lawfully attainable through civil process.

25. Overt acts included warrantless seizures, suppression of ownership documentation, and coordinated extrajudicial transfers.

26. These acts were interdependent, directed toward a common unconstitutional objective, and caused direct injury to Plaintiff.

## Count IV – Failure to Intervene (§1983)

27. Defendants Ogle, Nguyen, and Bynum observed the unconstitutional seizures, possessed a realistic opportunity to intervene, and failed to do so.

28. Their deliberate inaction constituted affirmative participation in constitutional deprivations.

## V. LIMITATIONS AND PROCEDURAL SAFEGUARDS

29. Plaintiff's claims are timely under the applicable Texas two-year personal-injury limitations period.

30. This action is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff challenges unconstitutional property deprivations independent of any criminal conviction or sentence.

31. The *Parratt/Hudson* doctrine does not apply because Defendants did not engage in random or unauthorized conduct.

32. Instead, Defendants acted pursuant to an established departmental practice of maintaining law-enforcement 'holds' and releasing vehicles to third parties without initiating judicial forfeiture proceedings.

33. Because this practice predictably resulted in deprivation of property without pre-deprivation process, and because available post-deprivation

remedies were neither prompt nor capable of preventing destruction of the property, procedural due process was required and denied."

## VI. IMMUNITY AND LIABILITY CLARIFICATIONS

34.     Defendant Cockshut is sued only for acts outside the scope of protected prosecutorial advocacy, including administrative or investigative conduct not entitled to absolute immunity.

35.     No claim is based on respondeat superior. Each Defendant is liable only for personal participation or deliberate failure to intervene.

36.     Defendants' conduct violated clearly established constitutional rights. Defendants therefore bear the burden of demonstrating entitlement to qualified immunity based on objective reasonableness.

## VII. *MONELL* RESERVATION

37.     Plaintiff reserves the right to amend this complaint to assert municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), upon discovery of the full scope of the policies, customs, and training failures that caused the constitutional violations.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests:

A) Compensatory damages for economic and non-economic loss; Punitive damages for reckless and callous indifference.

I.     **KYLE JENNINGS:** *DET. AT AUSTIN POLICE DEPARTMENT: AUSTIN, TRAVIS COUNTY TX)* **Economic Damage:** 200,000$ loss of property, living costs, lost wages, attorney fees, court cost, & pro se litigation cost. **Non-Economic Damage:** 150,000$ mental anguish and PTSD. **Punitive Damage:** 5,000,000$ for gross negligence

II.     **ALEXANDER LOMOVSTEV:** *STG. AT AUSTIN POLICE DEPARTMENT: AUSTIN, TRAVIS COUNTY TX)* **Economic Damage:** 1,500,00$ loss of property, living costs, lost wages, attorney fees, court cost, & pro se litigation cost. **Non-Economic Damage:** 500,000$ mental anguish and PTSD. **Punitive Damage:** 15,000,000$ for gross negligence

III.     **JULIAN OGLE:** *DET. AT AUSTIN POLICE DEPARTMENT: AUSTIN, TRAVIS COUNTY TX)* **Economic Damage:** 500,000$ loss of property, living costs, lost wages, attorney fees, court

cost, jail time, bond, & pro se litigation cost. **Non-Economic Damage:** 150,000$ mental anguish and PTSD. **Punitive Damage:** 10,000,000$ for gross negligence

IV. **VINCENT NGUYEN:** *OFC. AT AUSTIN POLICE DEPARTMENT: AUSTIN, TRAVIS COUNTY TX)* **Economic Damage:** 100,000$ loss of property, living costs, lost wages, attorney fees, court cost, & pro se litigation cost. **Non-Economic Damage:** 50,000$ mental anguish and PTSD. **Punitive Damage:** 5,000,000$ for gross negligence

V. **JOE AGUILAR:** *OFC. AT AUSTIN POLICE DEPARTMENT, AUSTIN: TRAVIS COUNTY TX)* **Economic Damage:** 100,000$ loss of property, living costs, lost wages, attorney fees, court cost, & pro se litigation cost. **Non-Economic Damage:** 50,000$ mental anguish and PTSD. **Punitive Damage:** 5,000,000$ for gross negligence

VI. **JONATHON BYNUM:** *DET. AT AUSTIN POLICE DEPARTMENT: AUSTIN, TRAVIS COUNTY TX)* **Economic Damage:** 100,000$ loss of property, living costs, lost wages, attorney fees, court cost, pro se litigation cost. **Non-Economic Damage:** 50,000$ mental anguish and PTSD. **Punitive Damage:** 5,000,000$ for gross negligence

VII. **ADA WILLIA COCKSHUT:** *STATE PROSECUTOR AT TRAVIS COUNTY DA OFFICE: AUSTIN, TRAVIS COUNTY TX)* **Economic Damage:** 1,000,000$ loss of property, living costs, lost wages, attorney fees, court cost, & pro se litigation cost. **Non-Economic Damage:** 150,000$ mental anguish and PTSD. **Punitive Damage:** 10,000,000$ for gross negligence

**B)** Declaratory judgment that Defendants' conduct violated the Fourth and Fourteenth Amendments;

**C)** An award of reasonable attorney's fees incurred by counsel, if retained, and taxable costs pursuant to 42 U.S.C. § 1988.;

**D)** Trial by jury;

**E)** All other relief the Court deems just and proper.

/s/

Respectfully submitted,

James Michael Sailors
Pro Se
1300w 24th St B109
Austin, Texas 78705
512-200-1215
James.sailors22@gmail.com

Date: 01-22-2026 _____

X _____

PLAINTIFF