# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JAMES MICHAEL SAILORS,** *Plaintiff* | § § § § | |
| **v.** | § § | **No. 1:26-CV-00165-DAE-SH** |
| **KYLE JENNING, ET AL.,** *Defendants* | § § § | |

## ORDER

Before the Court are Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and Motion for Permission to File Electronically (Dkt. 3), both filed January 22, 2026.[1]

### I.    Application to Proceed *In Forma Pauperis*

Plaintiff asks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). Under § 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees. The district court's decision whether a party may proceed *in forma pauperis* "must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). The movant need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Instead, the question is whether the movant can afford the costs without undue hardship or deprivation of "the necessities of life." *Id.*

---

[1] The District Court referred this case to this Magistrate Judge for disposition of the application to proceed *in forma pauperis* and a recommendation as to whether the case should be dismissed as frivolous pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and Senior United States District Judge David A. Ezra's Standing Order Referring Cases to the U.S. Magistrate Judge in the Austin Division. Dkt. 4.

After reviewing Plaintiff's application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship and **GRANTS** his application to proceed *in forma pauperis*. Plaintiff is advised that *in forma pauperis* status is granted subject to a later determination that this action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff also is advised that although he has been granted leave to proceed *in forma pauperis*, the Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.    Review Under Section 1915(e)(2)(B)

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under 28 U.S.C. § 1915(e)(2)(B). A court may summarily dismiss or partly dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, the Court's task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint fails to state a claim under § 1915(e)(2)(B) "when it lacks sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff brings this civil rights suit under 42 U.S.C. § 1983 against Defendants Austin Police Department Officers Kyle Jennings, Alexander Lomovstev, Julian Ogle, Vincent Nguyen, Joe Aguilar, Johnathon Bynum, and Travis County Assistant District Attorney Willia Cockshut in their individual capacities. Plaintiff alleges that Defendants seized his property without a warrant, in violation of his Fourth and Fourteenth Amendment rights.

Plaintiff's allegations are sufficient at this stage to avoid dismissal for frivolousness. Accordingly, this Magistrate Judge does not recommend that the District Court dismiss this case under 28 U.S.C. § 1915(e)(2)(B).

### III.    Application for Permission to File Electronically

Finally, Plaintiff asks the Court to approve his request to become an electronic filing user. Because he states that he has regular access to all the technical requirements necessary to e-file, the Court **GRANTS** Plaintiff's Application for Permission to File Electronically (Dkt. 3).

### IV.    Conclusion

The Court:

1. **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **ORDERS** Plaintiff's Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1);

2. **ORDERS** the Clerk to issue summons;

3. **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee; and

4. **GRANTS** Plaintiff's Moton for Permission to File Electronically (Dkt. 3).

The Court **FURTHER ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

**SIGNED** on March 4, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE