UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL SAILORS,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:26-CV-00165-DAE |
| OFC. , KYLE JENNINGS #7076,<br>SGT. ALEXANDER LOMOVSTEV#6317,<br>OFC. JULIAN OGLE #7787,<br>OFC. VINCENT NGUYEN #9583,<br>OFC. JOE AGUILAR #8267,<br>OFC. JONATHAN BYNUM#5611,<br>ADA WILLA COCKSHUTT,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**DEFENDANT ADA WILLA COCKSHUTT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES
UNDER 42 U.S.C. § 1983 PURSUANT TO FRCP 12(b)(1) & 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Defendant ADA Willa Cockshutt ("Defendant") and files her Motion to Dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief and Damages Under 42 U.S.C. § 1983 Pursuant to FRCP 12(b)(1) & 12(b)(6) [Dkt. 1], seeking dismissal of Plaintiff James Michael Sailors's ("Plaintiff's") claims against her in their entirety. In support thereof, Defendant offers the following:

**I.
STATEMENT OF CASE**

1.      On September 11, 2023, Plaintiff James Michael Sailors acquired a Mazda CX5 and submitted a completed title transfer application under Tex. Transp. Code § 501.029. He then provided Co-Defendant Kyle Jennings with documentary proof of ownership and a 311 report

1365454.1                                                                                                                          1

showing that the prior owner threatened to file a knowingly false theft report. Plaintiff alleges that Co-Defendant Jennings had actual knowledge of the falsity of the theft allegation and that Plaintiff was the lawful owner. Plaintiff alleges that despite this knowledge, Co-Defendant Jennings maintained a law-enforcement hold on the vehicle and seized it on December 26, 2023. On February 1, 2024, Defendants allegedly seized the Mazda and facilitated a summary transfer to a third party, after which the vehicle was destroyed. Plaintiff does not specify which Defendants seized the vehicle. Plaintiff also alleges that Defendants acted pursuant to an established departmental practice of "hold and release" rather than any random or unauthorized deviation from policy.

2.      Plaintiff also alleges seizure of a second vehicle. On November 6, 2023, Plaintiff purchased a 2021 Mercedes AMG GT 63 S. He alleges that Co-Defendants Lomovstev and Ogle, in coordination with Co-Defendants Aguilar and Bynum relied on a demonstrably false civil assertion that Plaintiff was deceased to justify a warrantless seizure. Plaintiff alleges that Co-Defendants Aguilar and Lomovstev acted under the color of state law to facilitate coordination between Horizon Bank and other law-enforcement defendants in connection with the seizure. On January 25, 2024, Defendant Lomovstev admitted on video that Plaintiff was the registered owner, yet Defendants forcibly seized the vehicle and keys by display of authority and threat of arrest. Plaintiff alleges that no forfeiture petition was filed within the thirty-day statutory period required by Texas law, no notice was served, and no judicial authorization was obtained. Plaintiff alleges that Defendants facilitated an extrajudicial transfer of Plaintiff's property private actors without hearing. Plaintiff does not mention how Defendant was involved in the alleged seizure of the Mercedes.

3.      Plaintiff alleges four causes of action against the Defendants. First, Plaintiff alleges a fourth amendment unreasonable seizure under 42 U.S.C. § 1983 against all Defendants, claiming they seized Plaintiff's vehicles without a warrant, probable cause, or exigent circumstances. Second, Plaintiff alleges Fourteenth Amendment violation of his procedural due process under 42 U.S.C. § 1983. He alleges that he possessed substantial protected property interests in both vehicles. He also alleges that Defendants failed to initiate a judicial forfeiture proceeding or obtain judicial authorization prior to disposition of the vehicles. Third, Plaintiff alleges a civil conspiracy against all Defendants. He alleges that Defendants reached a meeting of the minds to misuse state authority to accomplish a private deprivation not lawfully attainable through civil process. Finally, Plaintiff alleges a failure to intervene cause of action against Co-Defendants Ogle, Nguyen, and Bynum observed the unconstitutional seizures and failed to intervene.

**II.**
**STANDARDS FOR DISMISSAL**

4.      Defendant ADA Willa Cockshutt asserts that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

5.      To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'— 'that the pleader is entitled to relief.'" *Id*.

6.     Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Additionally, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to overcome a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 663. Plaintiff must allege "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. at 678.

### III.
### ARGUMENT

#### A.  Defendant is Entitled to Prosecutorial Immunity

7.     Defendant argues that Defendant Cockshutt, as a prosecutor, is entitled to absolute immunity. It is well established that prosecutors are entitled to absolute prosecutorial immunity under § 1983 for actions "that are intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) (federal courts have held prosecutors have full immunity). This immunity applies to a prosecutor's actions in "initiating the prosecution and in carrying [a criminal] case through the judicial process." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (internal citation omitted). Tasks in the judicial phase protected by prosecutorial immunity include a prosecutor's decision to file criminal charges. *Van de Kamp*, 555 U.S. at 341 (*citing Imbler*, 424 U.S. at 421). Specifically, "prosecutorial immunity protects the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial." *Hoag-Watson v. Guadalupe County, Tex.*, 591 F.3d 431, 438 (5th Cir. 2009) (*internal citations and quotation marks omitted*). "Even allegations of conspiracy do not pierce this

immunity." *Weeks v. Shipman*, 70 F.3d 1267, 1267 (5th Cir. 1995) (*per curiam*) (*internal citation omitted*).

8.      Even if Defendant's decisions regarding this case are ultimately determined to be in error, they are protected by prosecutorial immunity. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Kerr v. Lyford*, 171 F.3d 330, 337 & n.6 (5th Cir. 1999), *abrogated in part on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003); *but see Espinal,* 96 F.4th at 748 (recognizing *Castellano*'s overruling on other grounds).

9.      Any argument that the complained-of actions are not within the judicial processes protected by absolute prosecutorial immunity were contradicted by Plaintiff's allegations. This protection extends to administrative and supervisory acts that are within the consideration of how cases are investigated and evaluated for prosecution, as well. *Van de Kamp*, 555 U.S. at 342–349 (holding that prosecutorial immunity applied to acts related to establishment of office administrative procedures regarding how and when to make impeachment information available at a trial).

10.     Plaintiff states that:

> 34.      Defendant Cockshut is sued only for acts outside the scope of protected prosecutorial advocacy, including administrative or investigative conduct not entitled to absolute immunity.

ECF 1, para 34.  However, he does not specify what if any specific actions she took and why he believes that they were outside the scope of prosecutorial activity. As such his pleading is insufficient to withstand a motion to dismiss.

### B. In the Alternative, Defendant is Entitled to Qualified Immunity.

11.     Even assuming, arguendo, that Defendant was not entitled to absolute immunity, she would still be entitled to qualified immunity. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 816, 818 (1982); *see also Anderson v. Creighton*, 483 U.S. 635, 638 (1987). A plaintiff fails to satisfy his burden with conclusory allegations of wrongdoing. *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988). Qualified immunity involves a two-pronged test to determine whether an official is entitled to qualified immunity. First, courts ask whether the facts, taken in the light most favorable to the plaintiff, show the conduct violated a federal constitutional or statutory right. *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014) (*per curiam*). Second, courts ask whether the right in question was "clearly established" at the time of the violation. *Id.*, at 1866. A court has discretion to decide which prong to consider first. *Id.*; *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). "When considering a defendant's entitlement to qualified immunity, [a court] must ask whether the law so clearly and unambiguously prohibited his conduct that 'every reasonable official would understand that what he is doing violates [the law].'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (*en banc*) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011)). Courts should define the "clearly established" right at issue on the basis of the "specific context of the case," but at the same time, "must take care not to define a case's 'context' in a manner that imports genuinely disputed factual propositions." *Tolan*, 134 S. Ct. at 1866. Thus, officials are immune if their "actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson*, 483 U.S. at 638. Plaintiff has failed to plead a set of facts that would overcome

Defendant's qualified immunity because he did not plead a violation of a clearly established constitutional right for any individual taken by Defendant, and because any such actions she might have taken were reasonable under the circumstances. Plaintiff does not specify or point out what Defendant Cockshutt is alleged to have done to violate his clearly established rights.  Further he has not alleged that she committed any actions against him with deliberate indifference to his alleged constitutional rights.

### C.  Plaintiff has failed to allege personal involvement of Defendant

12.     It is well established that to establish liability for constitutional violations pursuant to 42 U.S.C. § 1983, "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusory assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). "[P]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). A plaintiff bringing a civil rights claim under 42 U.S.C. § 1983 must establish a causal connection between the alleged constitutional deprivation and the defendant whom [s]he would hold responsible. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976) (affirmative link needed between injury and conduct of defendant).

13.     Here, Plaintiff fails to allege any specific acts or omissions by Defendant that violated his individual rights.  Throughout his complaint, Plaintiff does name specific actions taken by other Co-Defendants with regards to the seizure of his vehicle, he never names any actions taken by Defendant Cockshutt. Without any specific action taken by Defendant Cockshutt, Plaintiff cannot proceed successfully with his claims against her.

**D. Plaintiff has not properly pled a claim for unreasonable seizure of property under 1983**

14.    A seizure of property occurs when there is a "meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook County, Illinois,* 506 U.S. 56, 61, 113 S. Ct. 538, 542, 121 L.Ed.2d 450 (1992) (quoting *United States v. Jacobsen,* 466 U.S. 109, 113, 104 S. Ct. 1652, 1656, 80 L.Ed.2d 85 (1984)). "A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *Id.,* 506 U.S. at 63, 113 S. Ct. at 544.

15.    The Fourth Amendment requires the state to have a warrant based upon probable cause to enter a person's home to conduct a search and seizure. Warrantless searches and seizures inside a home are per se unreasonable, and therefore unconstitutional, unless they fall into one of the few specifically established and well-defined exceptions to the general rule. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S. Ct. 2041, 2043, 36 L.Ed.2d 854 (1973); *Payton,* 445 U.S. at 586, 100 S. Ct. at 1380; *Hartsfield v. Lemacks,* 50 F.3d 950, 954 (11th Cir.1995). A search and seizure in a person's home conducted pursuant to consent or exigent circumstances are two of the well-settled exceptions to the Fourth Amendment's warrant requirement. *United States v. Jenkins,* 46 F.3d 447, 451 (5th Cir.1995) (citing *Schneckloth,* 412 U.S. at 219, 93 S. Ct. at 2043). The voluntariness of consent is determined from the totality of the circumstances surrounding the search. *Schneckloth,* 412 U.S. at 226, 93 S. Ct. at 2047.

16.    Here, Plaintiff has not pled whether Defendant was involved in the obtaining of a warrant. He also has not pled whether she participated in the allegedly unconstitutional search and seizure.

**E. Plaintiff has not properly exhausted all remedies for recovery for the loss of his vehicle.**

17.    The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV § 1.

Under the *Parratt/Hudson* doctrine, a random and unauthorized intentional deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy. *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996)(discussing the Supreme Court's decisions in *Parratt v. Taylor,* 451 U.S. 527 (1981) and *Hudson v. Palmer,* 468 U.S. 517 (1983), as dictating that a state actor's random and unauthorized deprivation of property does not result in a violation of procedural due process if the state provides an adequate post-deprivation remedy, and explaining "the doctrine protects the state from liability for failing to provide a predeprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers.") Thus, in challenging a random intentional property deprivation, Plaintiff must either take advantage of the available remedies or prove that the available remedies are inadequate. *Hudson,* 468 U.S. at 534-35; *Myers,* 97 F.3d at 94.

18.     Texas law allows recovery of monetary damages for loss of use of property during its period of detention. *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994)(holding that "[i]n Texas, the tort of conversion fulfills this requirement"); *see also Beam v. Voss,* 568 S.W.2d 413, 420-21 (Tex. Civ. App.–San Antonio 1978, no writ)(conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). Because Texas provides an adequate post-deprivation remedy, Plaintiff's claim concerning the taking and detention of his personal property does not rise to a violation of the Due Process Clause. *See Hudson,* 468 U.S. at 536 (noting that even where a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment since the Commonwealth of Virginia provided the prisoner with an adequate post-deprivation remedy.)

### F.  Plaintiff has not properly pled a claim for civil conspiracy

19.     An actionable civil conspiracy must generally involve two or more persons agreeing to accomplish an unlawful purpose. Massey v. Armco Steel Co., 652 S.W.2d 934 (Tex. 1983). The Texas Supreme Court has held that the "gist" of a civil conspiracy cause of action is "the injury intended to be caused" and went on to say that civil conspiracy must be "intentional" or "knowing." The court stated that "civil conspiracy requires specific intent" and that in order for a civil conspiracy to arise, the "parties must be aware of the harm or wrongful conduct at the inception of the combination or agreement." Triplex Communications, Inc. v. Riley, 900 S.W.2d 716, 719 (Tex. 1995).

20.     Here, Plaintiff has not shown any participation, knowledge or intent on behalf of the part of Defendant Cockshutt or the other Defendants to conspire against him. Plaintiff only alleges false conclusions and makes conclusory allegations about the involvement of the district attorney in the alleged seizure of his alleged vehicle.

## IV.
## PRAYER

**WHEREFORE**, Defendant ADA Willa Cockshutt prays that her Motion to Dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief and Damages Under 42 U.S.C. § 1983 Pursuant to FRCP 12(b)(1) & 12(b)(6) be granted and that Plaintiff's claims against her be dismissed with prejudice. ADA Willa Cockshutt further requests any and all relief, at law or in equity to which she may be justly entitled.

///

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:    (512) 854-9513
Facsimile:    (512) 854-4808

By:    /s/ Elaine Casas
ELAINE CASAS
State Bar No. 00785750
Elaine.Casas@traviscountytx.gov
SUSANA NARANJO-PADRON
State Bar No. 24105688
Susana.Naranjo-Padron@traviscountytx.gov
Assistant County Attorneys
*Attorneys for Defendant*
*ADA Willa Cockshutt*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

And I hereby certify that a true and correct copy of the foregoing will be sent via certified mail, return receipt requested on the 2nd day of June, 2026, to the following

**Via CMRRR # 7017 2620 0000 2882 8380**
James Michael Sailors
1300 W 24ᵗʰ Street, B109
Austin, Texas 78705
Pro Se

/s/ Elaine Casas
ELAINE CASAS
Assistant County Attorney