UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL SAILORS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:26-CV-00165-DAE |
| | § | |
| OFC. KYLE JENNINGS #7076, | § | |
| SGT. ALEXANDER LOMOVSTEV#6317, | § | |
| OFC. JULIAN OGLE #7787, | § | |
| OFC. VINCENT NGUYEN #9583, | § | |
| OFC. JOE AGUILAR #8267, | § | |
| OFC. JONATHAN BYNUM#5611, | § | |
| ADA WILLA COCKSHUTT, | § | |
| Defendants. | § | |

**DEFENDANT ADA WILLA COCKSHUT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE OVERLENGTH RESPONSE AND REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ADA WILLA COCKSHUTT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) & 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Defendant ADA Willa Cockshut ("Defendant"), by and through her attorney of record, the Travis County Attorney, and files her Response to Plaintiff's Motion for Leave to file Overlength Response and Reply to Plaintiff's Response In Opposition to Defendant ADA Willa Cockshutt's Motion to Dismiss Pursuant to FRCP 12(b)(1) & 12(b)(6) (Dkt. 10) in Opposition to Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(1) & 12(b)(6) (Dkt. 9). In support thereof, Defendant would show the following:

1369285.1  383.501                                                                                          1

## I.    RESPONSE TO MOTION FOR LEAVE TO FILE OVERLENGTH RESPONSE

1.    Plaintiff filed his Motion for Leave to File Overlength Response on June 18, 2026. (ECF 11.)

2.    Federal courts are vested with the inherent power to manage their affairs so as to achieve the orderly and expeditious disposition of cases. *See, e.g., Woodson v. Surgitek*, 57 F.3d 1406, 1417 (5th Cir. 1995). They may adopt rules governing practice. The judges of the Western District of Texas have adopted Local Rule CR-7(d) and (e), which state that dispositive motions shall not exceed twenty pages, absent authorization by the court. Plaintiff seeks leave to file a motion that is 35 pages long. Nothing in the motion raises novel issues that would require extensive briefing or necessitate increasing the page limit by fifteen pages. Defendant has raised issues of immunity as would be expected by a government employee. Plaintiff does not need fifteen additional pages to argue against immunities and has not met his burden to show why the extra pages would be necessary.

3.    For these reasons, the Court should deny Plaintiff's Motion for Leave to File Overlength Response.

## II.    REPLY TO RESPONSE TO MOTION TO DISMISS

4.    Plaintiff first argued that Defendant's Motion to Dismiss is actually a Motion for Definite Statement. Plaintiff does not have the authority to change Defendant's Motion to Dismiss into a Motion for More Definite Statement. Because Defendant has not filed a Motion for More Definite Statement, the Court should disregard Plaintiff's argument that Defendant is seeking a more definite statement.

5.    Plaintiff then makes assertions about Defendant's knowledge. Plaintiff asserts that Defendant possessed video evidence of officer; that Defendant received and ignored Plaintiff's

ADA Willa Cockshutt's Reply to Plaintiff's Response to ADA Willa Cockshutt's Motion to Dismiss Pursuant to FRCP 12(b)(6)

written notice of specific constitutional violations; that Defendant failed to disclose officer impeachment evidence in the Austin proceedings; that Defendant knew Jennings refused to remove an NCIC hold after Plaintiff proved ownership in writing 27 days before APD even physically had the vehicle; that Defendant had the video of Lomovstev forcibly taking the Mercedes under dispel of authority and threat of arrest; that the DA's own office ultimately rejected the UUMV charge after 10 months, proving Defendant's office knew the case was unsupported and held it anyway; that the false "deceased" assertion was used to justify the warrantless seizure – demonstrably refuted by Plaintiff's own communications to Defendant's office; that Defendant failed to dismiss tainted cases despite actual knowledge of officer misconduct; that Plaintiff exhausted every available state and administrative remedy before filing this action. (ECF No. 10.) Defendant makes wildly vast assumptions about Defendant's actual personal knowledge. He frequently states that the DA's office had knowledge and thus imparts that knowledge onto Defendant herself. *Id.* at pg. 11, 18-19. He also makes claims about knowledge that the City of Austin and APD have, but Defendant works for Travis County. Travis County and the City of Austin are separate entities, and any knowledge held by the City of Austin is not also held by Travis County. *Id*. Defendant does not have any personal knowledge of the events surrounding the seizure of Plaintiff's vehicle, and her employment at the DA's office at the time of the seizure does not automatically impute that knowledge onto her.

6.      Plaintiff then argues that Defendant's absolute immunity arguments fail because she misreads her sources, specifically because she misreads *Van de Kamp* and it does not protect individual Brady denials. Prosecutorial immunity applies to a prosecutor's actions in initiating the prosecution of a case and in carrying the case through the judicial process. *Graves v. Hampton*, 1

ADA Willa Cockshutt's Reply to Plaintiff's Response to ADA Willa Cockshutt's Motion to Dismiss Pursuant to FRCP 12(b)(6)

1369285.1  383.501                                                                                          3

F.3d 315, 318 (5th Cir. 1993). This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony or of manufacturing evidence. *Id.* at 318, n.9.

7.      Plaintiff has failed to state a claim upon which relief can be granted because the Fifth Circuit has specifically held that the suppression of exculpatory evidence is shielded by absolute immunity. *See Truvia v. Julien*, 187 F. App'x 346, 348 (5th Cir. 2006) (*citing Cousin v. Small*, 325 F.3d 627, 635 & n.11 (5th Cir. 2003)). *Pickett v. Murphy,* No. 9:17-CV-00029-RC, 2019 WL 1141940, at *3 (E.D. Tex. 2019). Plaintiff can argue about Defendant's actions regarding the vehicles, but none of the actions he has described would be outside of the scope of absolute prosecutorial immunity. No actions she could have taken with regard to Plaintiff's vehicles would have been administrative or investigative, all her actions related to the specific cases.

8.      Plaintiff's specific allegations do not defeat Defendant's personal involvement arguments. As previously argued, Plaintiff's "more specific" allegations please a lot of assumptions on Defendant's knowledge. Plaintiff has not shown that Defendant herself had actual knowledge just because she worked at the same prosecutor's office, or because she turned over discovery in the course and scope of the litigation of the underlying claims.

## IV.
## PRAYER

**WHEREFORE**, Defendant ADA Willa Cockshutt prays that her Motion to Dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief and Damages Under 42 U.S.C. § 1983 Pursuant to FRCP 12(b)(1) & 12(b)(6) be granted and that Plaintiff's claims be dismissed with prejudice.

///

ADA Willa Cockshutt's Reply to Plaintiff's Response to ADA Willa Cockshutt's Motion to Dismiss Pursuant to FRCP 12(b)(6)

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:    (512) 854-9513
Facsimile:    (512) 854-4808

By:    */s/ Elaine Casas*
ELAINE CASAS
State Bar No. 00785750
Elaine.Casas@traviscountytx.gov
SUSANA NARANJO-PADRON
State Bar No. 24105688
Susana.Naranjo-Padron@traviscountytx.gov
Assistant County Attorneys
*Attorneys for Defendant*
*ADA Willa Cockshutt*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

And I hereby certify that a true and correct copy of the foregoing will be sent via certified mail, return receipt requested on the 25th day of June, 2026, to the following

**Via CMRRR # 7017 2620 0000 2882 8380**
James Michael Sailors
1300 W 24th Street, B109
Austin, Texas 78705
Pro Se

*/s/ Elaine Casas*
ELAINE CASAS
Assistant County Attorney

ADA Willa Cockshutt's Reply to Plaintiff's Response to ADA Willa Cockshutt's Motion to Dismiss Pursuant to FRCP 12(b)(6)

1369285.1  383.501                                                                        5