# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### AUSTIN DIVISION

**JAMES MICHAEL SAILORS,**

    **Plaintiff,**

                              Civil Action No. 1:26-CV-00165-DAE

    **v.**

**OFC. KYLE JENNINGS #7076,**

**SGT. ALEXANDER LOMOVSTEV #6317,**

**OFC. JULIAN OGLE #7787,**

**OFC. VINCENT NGUYEN #9583,**

**OFC. JOE AGUILAR #8267,**

**OFC. JONATHAN BYNUM #5611,**

**ADA WILLA COCKSHUTT,**

**Defendants.**

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT COCKSHUTT'S REPLY (DKT. 13) FOR DEFECTIVE SERVICE, OR ALTERNATIVELY FOR ORDER OF RE-SERVICE AND ENLARGEMENT OF PLAINTIFF'S TIME TO RESPOND

TO THE HONORABLE DAVID A. EZRA, UNITED STATES DISTRICT JUDGE:

Plaintiff James Michael Sailors, proceeding pro se, respectfully moves the Court to strike Defendant ADA Willa Cockshutt's Response and Reply (Dkt. 13, filed June 25, 2026) on the ground that the document was not served upon Plaintiff

in the manner, or on the date, certified to this Court, and that the Certificate of Service appended to that filing is facially defective and factually inaccurate. In the alternative, Plaintiff asks the Court to order Defendant to effect proper service and to enlarge Plaintiff's time to file any sur-reply until proper service is complete. In support, Plaintiff shows the following:

## I. INTRODUCTION

A certificate of service is a sworn representation by an officer of the court that a paper has been served. This Court, and opposing parties, are entitled to rely on it as true. Here, Defendant's counsel certified that a copy of Dkt. 13 "will be sent via certified mail, return receipt requested on the 25th day of June, 2026." (Dkt. 13, Certificate of Service.) That certification was not accurate. On the evening of June 25, 2026 — the very date certified — Defendant's counsel admitted in writing that the document had not been mailed and would not be mailed until "tomorrow morning," i.e., June 26, 2026. Plaintiff, who is not counsel of record and whom the certificate identifies as served only by certified mail, received no service on the certified date. Nor did Plaintiff receive any electronic notice: Plaintiff received no Notice of Electronic Filing for Dkt. 13 — even though, as shown below, Plaintiff is a registered CM/ECF participant who received the Notice of Electronic Filing for Defendant's prior Motion to Dismiss directly at his email of record. (Ex. 5.) Plaintiff was served by no method at all on June 25, 2026.

Plaintiff does not contend that the Court must strike Dkt. 13 to address this. The Court has a range of proportionate remedies at its disposal — from requiring a corrected certificate of service and proper re-service, to enlarging Plaintiff's time to respond, to striking the filing outright. Plaintiff asks only that a filing resting on a demonstrably false certificate of service not be permitted to stand unaddressed, and that whatever remedy the Court selects restore Plaintiff to the position that proper,

accurate service would have placed him in. The relief sought is measured, not punitive.

## II. FACTUAL BACKGROUND

1. On June 25, 2026, Defendant Cockshutt filed her Response to Plaintiff's Motion for Leave and Reply in support of her Motion to Dismiss. (Dkt. 13.)

2. The Certificate of Service appended to Dkt. 13 contains two representations. First, counsel certified that she "electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record." (Dkt. 13, Certificate of Service.) Plaintiff is a pro se litigant and is not "counsel of record." Second, counsel certified that "a true and correct copy of the foregoing will be sent via certified mail, return receipt requested on the 25th day of June, 2026," under CMRRR # 7017 2620 0000 2882 8380. (Id.)

3. By the plain terms of the certificate, the only method of service directed to Plaintiff personally was certified mail. The electronic-notification representation, by its own language, ran only to "counsel of record." Plaintiff is not counsel of record. Plaintiff received no Notice of Electronic Filing for Dkt. 13 and no electronic notice of the filing whatsoever. As set out in paragraph 7 below, Plaintiff is a registered CM/ECF participant who received the Notice of Electronic Filing for Defendant's earlier Motion to Dismiss directly. (Ex. 5.)

4. On June 25, 2026, at 8:09 p.m., Plaintiff emailed both attorneys of record for Defendant — Elaine Casas and Susana Naranjo-Padron — stating: "I would like to inform you that I received no service of your response." (Ex. 1, Email Correspondence, June 25, 2026.)

5. One minute later, at 8:10 p.m. on June 25, 2026, Assistant County Attorney Susana Naranjo-Padron replied in writing: "It is being placed in the mail

tomorrow morning." (Ex. 1.) That admission establishes that, as of the evening of the date certified, the document had not been deposited in the mail and would not be until the following day, June 26, 2026.

6.   Plaintiff extended counsel the professional courtesy of contemporaneous notice of the service failure. (Ex. 1.) No corresponding courtesy, and no service compliant with the certificate, was extended to Plaintiff.

7.   Plaintiff is a registered participant in the Court's CM/ECF system for this case and receives Notices of Electronic Filing at his email address of record. When Defendant filed her Motion to Dismiss (Dkt. 9) on June 2, 2026, the CM/ECF system electronically transmitted the Notice of Electronic Filing for that document to Plaintiff, as the Notice itself confirms by listing "James Michael Sailors ... james.sailors22@gmail.com" among those to whom "Notice has been electronically mailed," with no party listed as requiring delivery "by other means." (Ex. 5, Notice of Electronic Filing, Dkt. 9.) Plaintiff received no comparable Notice of Electronic Filing for Dkt. 13. He thus received neither the electronic notice that reached him for the Motion to Dismiss nor the certified mail that counsel certified but, by counsel's own admission, did not send.

8.   The certified-mail representation in Dkt. 13 is identical to the certified-mail representation counsel made in Defendant's earlier Motion to Dismiss (Dkt. 9, filed June 2, 2026). Both certificates recite service upon Plaintiff "Via CMRRR # 7017 2620 0000 2882 8380." (Compare Ex. 2 (Certificate of Service, Dkt. 9) with Ex. 3 (Certificate of Service, Dkt. 13).) A certified-mail, return-receipt number is unique to a single mailing. United States Postal Service tracking records for that number confirm that the article bearing CMRRR # 7017 2620 0000 2882 8380 was "Delivered, Left with Individual" at Austin, TX 78705 at 12:15 p.m. on June 5, 2026. (Ex. 4, USPS Tracking Record.) That number was therefore already used and

delivered on June 5, 2026 — twenty days before Dkt. 13 was filed on June 25, 2026. It is physically impossible for the same certified-mail number to describe a mailing of Dkt. 13, because the article bearing that number had already been delivered and the number retired weeks earlier. The certified-mail recitation in Dkt. 13 is not merely late; it identifies a mailing that could not have been a mailing of Dkt. 13 at all. This is fully consistent with counsel's admission that Dkt. 13 was not mailed on the date certified.

## III.  LEGAL STANDARD

Every written motion and similar paper must be served on every party. Fed. R. Civ. P. 5(a)(1)(D). Service by mail is "complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). A paper served by mail is therefore not served until it is actually deposited in the mail; a certificate attesting service on a date when no mailing occurred does not reflect completed service. When a party files a paper, every filing must be accompanied by a certificate of service stating the date and manner of service. Fed. R. Civ. P. 5(d)(1)(B); W.D. Tex. Local Rule CV-5.

This Court possesses the inherent authority to manage its docket and to strike or disregard filings that do not comply with the rules governing service and filing. See Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991) (federal courts possess inherent powers "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs"); Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962). That authority includes the power to require that a party who has improperly served a paper re-serve it, and to enlarge the opposing party's time to respond until proper service is accomplished. Fed. R. Civ. P. 6(b).

## IV.  ARGUMENT

**A.  The Certificate of Service Is Facially Defective and Factually Inaccurate.**

A certificate of service must certify that service has been made. The certificate in Dkt. 13 instead certifies, in the future tense, that a copy "will be sent" by certified mail "on the 25th day of June, 2026." A representation that service "will be" accomplished is not a certification that service was accomplished. On its face, the document does not certify completed service. The defect is not merely formal: counsel's own written admission on the evening of June 25, 2026 — "It is being placed in the mail tomorrow morning" — confirms that the certified mailing had not occurred on the certified date and would not occur until June 26, 2026. The certificate thus represents a service date that did not happen. The inaccuracy is conclusively confirmed by postal records: the certificate reuses the certified-mail number (CMRRR # 7017 2620 0000 2882 8380) that appeared on Defendant's Motion to Dismiss filed three weeks earlier (Ex. 2, Ex. 3), and USPS tracking shows that number was already "Delivered" on June 5, 2026 — twenty days before Dkt. 13 was filed. (Ex. 4.) A certified-mail number already consumed and delivered on June 5 cannot describe a mailing of a document filed on June 25; the certified-mail recitation in Dkt. 13 does not reflect any actual mailing of Dkt. 13.

**B. Plaintiff Was Not Served by Any Method.**

Plaintiff received no service of Dkt. 13 by any method on the date certified. The certificate directed only one method of service to Plaintiff personally — certified mail — and counsel admitted that mailing had not occurred and would not occur until the following day. The certificate's electronic-notification language expressly reached only "counsel of record," and Plaintiff, appearing pro se, is not counsel of record; and although Plaintiff is a registered CM/ECF participant who received the Notice of Electronic Filing for Defendant's prior Motion to Dismiss directly (Ex. 5), Plaintiff received no Notice of Electronic Filing for Dkt. 13. Plaintiff thus received neither mail service nor electronic notice. Even if Plaintiff later became aware of the

filing through his own independent monitoring of the Court's docket, awareness is not service. Service is a formal act with formal consequences; a party's incidental knowledge of a filing does not cure a defective or inaccurate certificate, nor does it relieve the serving party of the obligation to serve by the method it represented to the Court. Because no method of service was completed on the certified date, Plaintiff was not served.

**C.  The Integrity of the Certificate-of-Service Mechanism Warrants Relief Regardless of the Length of Delay.**

The Court and the parties depend on certificates of service being true. The harm in an inaccurate certificate is not measured solely by the number of days a mailing is late; it lies in the misrepresentation to the tribunal of a completed act that had not occurred. Permitting a filing to stand on a certificate that counsel's own contemporaneous words contradict would erode the reliability of every certificate filed in this case. Striking the non-compliant filing, or at minimum requiring proper re-service, vindicates the rule without prejudice to any legitimate interest of Defendant, who remains free to re-file and properly serve.

**D.  Alternative Relief: Re-Service and Enlargement of Time.**

Should the Court decline to strike Dkt. 13, Plaintiff respectfully requests, in the alternative, that the Court (i) deem Dkt. 13 served upon Plaintiff only as of the date proper service is actually completed; (ii) order Defendant to file a corrected certificate of service reflecting the true date and manner of service; and (iii) enlarge Plaintiff's time to file any sur-reply to run from the date of proper, completed service. Fed. R. Civ. P. 6(b). This alternative ensures Plaintiff receives the full and fair opportunity to respond that proper service is designed to protect.

**V.  CONCLUSION AND PRAYER**

For the foregoing reasons, Plaintiff respectfully requests that the Court STRIKE Defendant Cockshutt's Response and Reply (Dkt. 13); or, in the alternative, ORDER Defendant to re-serve Dkt. 13 by the method certified, file a corrected certificate of service, and enlarge Plaintiff's time to file any sur-reply to run from the date proper service is completed; and grant Plaintiff such other and further relief to which he may be justly entitled.

Respectfully submitted,

/s/ James Michael Sailors

James Michael Sailors, Pro Se

1300 W 24th Street, B109

Austin, Texas 78705

Tel: 512-200-1215

james.sailors22@gmail.com

Date: June 26, 2026

## CERTIFICATE OF CONFERENCE

On June 25, 2026, Plaintiff notified Defendant's counsel of record in writing that he had received no service of Dkt. 13. Counsel responded the same evening that the document would be "placed in the mail tomorrow morning." The parties were unable to resolve the service deficiency, and this motion is therefore presented to the Court. This motion is opposed.

## CERTIFICATE OF SERVICE

I certify that on the date signed above, a true and correct copy of the foregoing was served upon Defendant's counsel of record — Elaine Casas and Susana Naranjo-Padron, Travis County Attorney's Office, P.O. Box 1748, Austin, Texas 78767 — via the Court's CM/ECF system and/or electronic mail and certified mail.

/s/ James Michael Sailors

James Michael Sailors