**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAMES MICHAEL SAILORS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **OFC. KYLE JENNINGS #7076,** | § | |
| **SGT. ALEXANDER LOMOVSTEV** | § | |
| **#6371,** | § | **CIVIL ACTION NO. 1:26-CV-00165** |
| **OFC. VINCENT NGUYEN #9583,** | § | |
| **OFC. JOE AGUILAR #5611,** | § | |
| **DET. JULIAN OGLE #7787,** | § | |
| **OFC. JONATHON BYNUM #5611,** | § | |
| **ADA WILLA COCKSHUTT,** | § | |
| **Each in their Individual Capacity,** | | |
| *Defendant.* | | |

**DEFENDANT OFFICERS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendants Kyle Jennings, Alexander Lomovstev, Julian Ogle, Vincent Nguyen, Joe Aguilar, and Jonathon Bynum ("the Officers") in the above-entitled and numbered and expressly assert the defense of qualified immunity and move to dismiss all claims against them under Rule 12(b)(6) because the Complaint fails to plead facts plausibly showing that any Officer, through his own individual actions, violated a constitutional right that was clearly established at the time of the alleged events, and in support would respectfully show the Court as follows:

### I.   INTRODUCTION & SUMMARY OF GROUNDS FOR DISMISSAL

Plaintiff seeks more than $65,000,000 for alleged constitutional violations stemming from the seizure of two vehicles—a Mazda CX5 and a Mercedes AMG (the "Vehicles"). Plaintiff alleges the Mazda CX5 was seized on December 26, 2023, and, although not clear, alleges the Mercedes AMG was seized on January 25, 2024. Plaintiff further alleges these seizures, and the

officers' conduct at the time of seizure and thereafter, violated his Fourth and Fourteenth Amendment rights.  He also advances a civil conspiracy and failure-to-intervene theory.

These pleadings do not satisfy Rule 8 as construed by *Twombly* and *Iqbal*. The complaint relies on conclusory assertions and formulaic recitations of elements, rather than specific facts. It does not identify what each officer allegedly did, when they did it, with whom they coordinated with, and it fails to supply facts that would plausibly connect any defendant to a specific unconstitutional act. The absence of nonconclusory, defendant-specific allegations requires dismissal under Rule 12(b)(6).

## II.      TIME BARRED CLAIMS

In addition to being subject to dismissal for failure to state a claim and qualified immunity, Plaintiff's claims based on the seizure of the Mazda CX5 are also subject to dismissal as untimely. Plaintiff claims the seizure occurred on December 26, 2023, more than two years before Plaintiff filed his Original Complaint on January 22, 2026. Texas imposes a two-year limitations period for claims based on conversion or taking/detaining personal property. TX Civ. Prac. & Rem. Code § 16.003.  Because more than two years elapsed between the alleged seizure and the filing, the Mazda-related claims are untimely and should be dismissed with prejudice

## III.      LEGAL STANDARDS: RULE 12(B)(6) & QUALIFIED IMMUNITY

If a complaint fails to state a claim upon which relief can be granted, the court is entitled to dismiss the complaint as a matter of law. *See* Fed. R. Civ. P 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Assertions in pleadings that "are no more than conclusions are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir.2002).

When individual officers assert qualified immunity, the complaint must plead facts sufficient to plausibly show both that the defendant's conduct violated a constitutional right and that the right was clearly established at the time of the alleged misconduct. *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020). Qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal. *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011).

Questions regarding qualified immunity should be resolved "at the earliest possible stage in litigation." *Porter v. Epps,* 659 F.3d 440, 445 (5th Cir. 2011); *See also Turner v. Lieutenant Driver*, 848 F.3d 678, 683 (5th Cir. 2017)(addressing qualified immunity defense raised in motion to dismiss). When a defendant raises a qualified immunity defense, the plaintiff has the burden of demonstrating the inapplicability of that defense. *Ristow v. Hansen*, 719 F. App'x 359, 362–63 (5th Cir. 2018) To meet this burden, the plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Id.*

The crucial question is whether the complaint pleads facts that, if true, would permit the inference that each defendant is liable under § 1983 and would overcome the qualified immunity defense. *Terwilliger v. Reyna*, 4 F.4th 270, 279–80 (5th Cir. 2021). A plaintiff must plead that each government-official defendant, through that official's own individual actions, violated the Constitution. *Iqbal*, 556 U.S. at 676. Group pleading — attributing conduct collectively to "defendants" without specifying which officer did what — is insufficient. *Navejas v. Jaso*, 700 F. Supp. 3d 532, 536-537 (W.D. Tex. 2023).

## IV.    ARGUMENT

Plaintiff's Original Complaint offers conclusory labels—"unreasonable seizure," "procedural due process," "civil conspiracy," and "failure to intervene"—in place of plausible allegations, including defendant-specific facts, to support his constitutional claims. Plaintiff does not segregate his claims based on the individual actions of each individual officer. Plaintiff's reliance on formulaic recitations; group pleading; and failure to plead factual content is insufficient under *Twombly*, *Iqbal* and Fifth Circuit precedent.  Plaintiff has failed to nudge his claims "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (quoting *Twombly* 550 U.S. at 570).

Qualified immunity independently requires dismissal. Plaintiff has not plead sufficient facts showing that any defendant violated clearly established law in the circumstances alleged, and his reliance on generalized characterizations and assertions of a "practice" or "coordination" cannot substitute for concrete, defendant-by-defendant allegations. Because the complaint does not plausibly allege specific conduct by each officer that violated clearly established rights, all counts should be dismissed.

### A.  The Fourth Amendment Claims Fail: Conclusory, Group-Pled Allegations Do Not State Defendant-Specific Misconduct

Plaintiff has not plead any facts that if true, make a Fourth Amendment claim plausible, not merely possible. He offers threadbare, generic allegations that officers "seized" property "without a warrant or probable cause" that are simply legal conclusions that fail to move his claim from across the line from conceivable to plausible. The Complaint completely lacks factual content establishing who did what, when, and why the seizure was objectively unreasonable.

The Fifth Circuit requires plaintiff to plead facts that connect each defendant to the alleged constitutional violation; group pleading and undifferentiated assertions are insufficient. See *Ristow* 719 F. App'x at 361 (dismissal affirmed where complaint asserted conclusory assertions of seizure, without alleging any discrete facts in support). Conclusory allegations that "Defendants seized" or "maintained a hold" without factual detail as to each officer's personal act or omission, time, place, and circumstances fail to state a claim. *Id.* An individual officer's liability is personal, not vicarious, and demands concrete, defendant-specific allegations rather than collective attributions. *Id.*

Pleadings that merely restate the elements and contain labels and legal conclusions do not satisfy *Iqbal* or *Twobly.* A pleading requires facts addressing what information the officer possessed at the time of the seizure. *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 442 (5th Cir. 2015) ("formulaic" assertions and conclusory "no cause/no warrant" allegations are not entitled to the assumption of truth and cannot sustain a § 1983 claim at the motion-to-dismiss stage).

Plaintiff provides no facts to support his claim of an unconstitutional seizure. He simply asserts conclusions of "warrantless seizure" and "no probable cause" without specific factual

allegations. There are no concrete facts showing what information each named officer possessed that could negate probable cause or exigency regarding the seizures and does not articulate how any particular act taken by each officer rendered the seizure unreasonable under the Fourth Amendment, beyond conclusory characterizations.

With respect to the Mazda CX5, Plaintiff claims he provided Officer Jennings with "documentary proof of ownership" and Jennings possessed "actual knowledge of the falsity of the theft allegations," but does not state what the alleged proof was, when it was provided, the substance of the theft allegations, or how (and when) Officer Jennings had actual knowledge. Plaintiff's allegations against the other defendants fail to articulate *any* individualized conduct connecting them to the alleged unlawful seizure of the Mazda CX5.

The allegations regarding the seizure of the Mercedes AMG are even less detailed.  Plaintiff claims Lomostov and Ogle, "in coordination with Aguilar and Bynum," relied on a "demonstrably false civil assertion" regarding Plaintiff's death to justify a "warrantless seizure".  Plaintiff does not set forth when the alleged seizure occurred, who was present or how Lomostov and Ogle coordinated with Aguilar and Bynum.  Plaintiff speculates the officers relied on a "demonstrably false civil assertion" but includes no facts about what who made the civil assertion, how or when the defendants came to rely on the assertion, or why it was false.  Plaintiff also fails to plead what conduct is attributable to each individual defendant, e.g., "[d]efendants facilitated an extrajudicial transfer," "[d]efendants filed no forfeiture proceeding, served no notice, and conducted no hearing," and "[d]efendants transferred the Mercedes to private actors through an extrajudicial process."  Plaintiff also baldly asserts that Aguilar and Lomovstev "facilitated coordination between Horizon Bank *and other law enforcement defendants* in connection with the seizure" but

does not explain how the coordination occurred, what "other law enforcement defendants" did, or the role Horizon Bank played in the context of the Mercedes' seizure.

The Complaint contains zero allegations related to Officer Nguyen.

### B. Procedural Due Process Claim Fails: Alleged Random, Unauthorized Acts Are Redressable by Adequate Texas Post-Deprivation Remedies

Plaintiff's procedural due process theory fails at the threshold. To state a procedural due process claim, a plaintiff must plausibly allege (1) a protected property interest and (2) deprivation without constitutionally adequate process. *See Zinermon v. Burch,* 494 U.S. 113, 125 (1990). When a state employee's random and unauthorized act causes the deprivation, the Due Process Clause is not violated if the state provides a meaningful post-deprivation remedy. *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984).

The Complaint pleads, at most, random and unauthorized vehicle seizures/holds/transfers by the Officer Defendants. These claims do not implicate the Fourteenth Amendment under established Texas law. *See Murphy v. Collins*, 26 F.3d 541, 543-544 (5th Circuit 1994)(Texas tort of conversion constitutes an adequate post-deprivation remedy for property deprivations); *Cox v. Mitchell,* 2026 WL 1196707 *6 (W.D. Tex. 2026)(dismissal of procedural due process claims arising from confiscation of cell phone as state law provides sufficient post-deprivation process); *Dickerson v. City of Denton*, 298 F.Supp.2d 537, 543 (E.D. Tex. 2004) (plaintiff possessed a meaningful post deprivation remedy under Texas law, i.e., the tort of conversion, to address alleged illegal seizure of property); *Louis v. Watkins,* 2006 WL 2707429, at *5 (N.D. Tex. Sept. 21, 2006) (random, unauthorized deprivation of property, whether intentional or negligent, does not violate procedural due process where state post-deprivation remedies are available).

Plaintiff alleges the seizure and transfer of the Vehicles without warrant, notice, or

forfeiture proceedings, resulted from Defendants acting pursuant to an "established departmental practice" of "maintaining law enforcement 'holds' and releasing vehicles to third parties." The assertions are wholly conclusory however, and do not describe the policy maker who promulgated the policy, what the official policy is, when it was adopted, or how it purportedly directs officers to bypass process. It merely recharacterizes discrete, allegedly unlawful episodes as "practice." These allegations, stripped of labels, describe unauthorized deviations from law, not a pleaded, facially valid state process that itself caused the deprivation.  Plaintiff's Complaint does not identify any Texas statute, ordinance, written departmental policy, or established municipal procedure authorizing the alleged no-notice transfers. Instead, it relies on the naked assertion of a "practice," which is insufficient under *Twombly/Iqbal* to plead an established state procedure as opposed to random acts. Nor does Plaintiff plausibly bring this case within any exception to *Parratt/Hudson* based on deprivations "pursuant to established procedures."

Because Plaintiff pleads neither a deprivation pursuant to an established state procedure nor the inadequacy of Texas's post-deprivation remedies, the procedural due process claim should be dismissed with prejudice as amendment would be futile

i.     **Plaintiff does not plausibly allege that Texas's post-deprivation remedies are inadequate.**

Even assuming a protected interest existed, dismissal is required because Plaintiff fails to plausibly allege the inadequacy of Texas post-deprivation remedies. The Texas tort of conversion is an adequate post-deprivation remedy for intentional property deprivations, foreclosing § 1983 procedural due process claims premised on random and unauthorized conduct. *See Murphy* 26 F.3d at 543*; Cox* 2026 WL 1196707 at *6; *Dickerson* 298 F.Supp.2d at 543; *Louis v.* 2006 WL 2707429, at *5.

Plaintiff's allegations do not contend, with supporting facts, that Texas's remedies are unavailable or inadequate to address the alleged deprivations and loss-of-use/damage. To the contrary, Plaintiff's theory is that Defendants ignored statutory forfeiture requirements—precisely the sort of random, unauthorized conduct for which post-deprivation remedies suffice under *Parratt/Hudson*. Plaintiff alleges no forfeiture petition was filed within thirty days, no notice was served, and vehicles were transferred to private actors without judicial review. Such allegations do not negate the adequacy of available state-law remedies; they invoke them.

Plaintiff's failure to plead the inadequacy of post-deprivation remedies is dispositive.

### ii. Plaintiff's "hold-and-release" practice allegation is conclusory and fails to plead an established, constitutionally deficient state procedure.

Plaintiff's conclusory invocation of an "established departmental practice" without more does not transform alleged unauthorized seizures into a challenge to state procedure. The Complaint provides no factual enhancement: no policy document, no policymaker adoption, no training directive, no consistent application across cases, and no description of how the supposed practice substitutes for or eliminates Texas's existing post-deprivation processes. The Complaint states, without detail, that Defendants acted "pursuant to an established departmental practice of 'hold and release,' rather than any random or unauthorized deviation from policy" . Under *Twombly/Iqbal*, such naked assertions do not suffice.

Because Plaintiff fails to plausibly allege (1) a deprivation pursuant to an established state procedure and (2) the inadequacy of Texas's post-deprivation remedies, his Fourteenth Amendment procedural due process claim should be dismissed under Rule 12(b)(6). Given the settled Fifth Circuit law on the adequacy of Texas remedies and the Complaint's conclusory "practice" allegation, amendment would be futile.

**C. Plaintiff's §1985(3) Conspiracy Fails: No Agreement Alleged and No Racial Animus**

Plaintiff's "civil conspiracy" claim under §1985(3) fails as a matter of law. To sustain such a claim, a complaint must allege: (1) a conspiracy among two or more purposes; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation. *See Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010); *Hilliard v. Ferguson,* 30 F.3d 649, 652–53 (5th Cir.1994). Additionally, the conspiracy must also have a racially based animus. *See Hilliard* 30 F.3d at 653; *Cantú v. Moody,* 933 F.3d 414, 419 (5th Cir. 2019); *Newberry v. East Texas State University*, 161 F.3d 276, 281 (5th Cir. 1998) (noting the Supreme Court has never extended the statute to non-racial animus).

Here, Plaintiff does not identify any specific agreement—no "who," "when," "where," or "how." He merely groups all Officer Defendants together, claiming they "reached a meeting of the minds" and acted "in coordination," which is conclusory and insufficient. Plaintiff's "overt acts"— the warrantless seizures, suppression of documentation, and coordinated extrajudicial transfers— are all recited at a high level of generality and simply mirror his other claims.   Courts in the Fifth Circuit reject § 1985(3) pleadings that simply relabel the underlying conduct as "overt acts" without factual detail showing an agreement and distinct acts in furtherance. *See McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222 (5th Cir. 1989); *Brinkmann v. Johnston,* 793 F.2d 111, 113 (5th Cir.1986); *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982).

 Nor does Plaintiff adequately plead racial animus. He fails to allege membership in a protected class, any racial motivation by a defendant, or conduct "because of" the Plaintiff's race. Courts routinely dismiss § 1985(3) claims on this basis. *See Estate of Coates v. Hawthorne*, No.

24-40561, 2025 WL 2794278, at *3 (5th Cir. Oct. 1, 2025); *Angel v. La Joya Indep. Sch. Dist.,* 717 F. App'x 372, 379 (5th Cir. 2017); *Chaney v. Races & Aces*, 590 F. App'x 327, 330 (5th Cir. 2014). This omission is dispositive.

### D. Failure-to-Intervene Fails: No Presence, Knowledge, Opportunity, or Clearly Established Duty

The Fifth Circuit holds that a § 1983 failure-to-intervene (bystander liability) claim requires plausible allegations that the officer was present and (1) knew that a fellow officer was violating an individual's constitutional rights; (2) had a reasonable opportunity to prevent the harm; and (3) chose not to act. *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013); *Austin v. City of Pasadena*, 74 F.4th 312, 331 (5th Cir. 2023). To overcome a qualified immunity defense, the plaintiff must identify clearly established law requiring an officer to intervene under similar circumstances. *Sligh v. City of Conroe*, 87 F.4th 290, 301 (5th Cir. 2023) (affirming dismissal of failure-to-intervene claim because officer entitled to qualified immunity); *Norman v. Ingle*, 151 F.4th 707, 714 (5th Cir. 2025).

Plaintiff does not meet these requirements.  The Complaint largely lumps defendants together and offers no defendant-specific facts showing who was present for which seizure, what each officer knew at the time, or how any officer had a realistic opportunity to intervene. The allegation that Officers Ogle, Nguyen, and Bynum "observed the unconstitutional seizures" is conclusory because it does not identify which seizure each allegedly observed, when, or what opportunity each had to prevent it. Plaintiff also fails to cite any clearly established authority that would have required intervention on the pleaded facts. *See Armstrong v. Ashley*, 60 F.4th 262, 280 (5th Cir. 2023)(dismissal affirmed where plaintiff does not reference any specific conduct of any defendant); *Tuttle v. Sepolio*, 68 F.4th 969, 974 (5th Cir. 2023)(affirming dismissal where plaintiff

failed to show the officers had a sufficient opportunity to intervene or show a clearly established right to intervention).

Accordingly, because Plaintiff fails to plead presence, knowledge, and a reasonable opportunity to intervene as to any specific defendant—and fails to identify clearly established law—his failure-to-intervene claim should be dismissed under Rule 12(b)(6) and qualified immunity.

### E. Qualified Immunity Bars Plaintiff's Individual-Capacity Claims Against the Officer Defendants

Qualified immunity shields government officials performing discretionary functions from civil damages unless the plaintiff plausibly alleges (and ultimately proves) that the official violated a constitutional right that was "clearly established" at the time of the challenged conduct. *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). Courts may address either prong first. *Id.* at 236. Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).

The Fifth Circuit applies the same two-step framework and holds that, once qualified immunity is raised, the burden shifts to the plaintiff to plead facts showing (1) a constitutional violation and (2) that the right was clearly established at the time. *Batyukova v. Doege*, 994 F.3d 717, 726 (5th Cir. 2021). Conclusory, collective allegations that "defendants" violated the Constitution—without defendant-specific facts showing what each officer did and why clearly established law prohibited it—do not overcome qualified immunity. *See Meadours v. Ermel*, 483 F.3d 417, 421–22 (5th Cir. 2007).

At the pleading stage, qualified immunity is appropriately resolved on a Rule 12(b)(6) motion where the complaint's allegations, taken as true, do not state a plausible constitutional

violation or do not show that the right was clearly established in a "particularized" sense—i.e., existing precedent must have placed the unlawfulness of the officer's conduct "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). The Supreme Court has repeatedly cautioned courts "not to define clearly established law at a high level of generality." *al-Kidd*, 563 U.S. at 742. Instead, the plaintiff must identify controlling authority (or a robust consensus of persuasive authority) that would have made it clear to every reasonable officer that the specific conduct alleged was unlawful in the specific context confronted. *District of Columbia v. Wesby*, 583 U.S. 48, 63–64 (2018).

Plaintiff's complaint relies on collective allegations and legal conclusions rather than well-pleaded, defendant-specific facts showing that each Officer Defendant personally violated a constitutional right. This is not sufficient. The Fifth Circuit requires a plaintiff to "allege facts focusing specifically on the conduct of the individual who caused the plaintiff's injury," not undifferentiated group pleading. *See Linicomn v. Hill*, 902 F.3d 529, 540 (5th Cir. 2018); *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) Conclusory assertions that "Defendants seized" property or "facilitated" transfers, without particularized factual content tying each officer to a specific unconstitutional act, fail under *Iqbal* and *Twombly*.

The individualized analysis is especially critical in qualified-immunity cases, where courts must assess each officer's conduct separately. See *Meadours*, 483 F.3d at 422. Here, Plaintiff pleads that multiple officers "maintained a hold," "coordinated," or "facilitated" actions, but does not provide nonconclusory, officer-by-officer facts establishing a constitutional violation by each named officer. Plaintiff alleges, among other things, that "Defendants seized the Mazda and facilitated a summary transfer," that "Defendants acted pursuant to an established departmental

practice," and that various officers "observed the unconstitutional seizures" and "failed to intervene," but the pleading does not set out factual content distinguishing the specific actions of each Officer Defendant from the collective group allegations.

Plaintiff also fails to allege facts showing a violation of a right that was clearly established in a particularized sense at the time of the challenged conduct. Plaintiff's reliance on broad propositions about warrantless seizures and due process, without authority placing the specific conduct alleged "beyond debate" for each officer at the relevant time and in the specific circumstances pleaded, is insufficient. See *Pearson*, 555 U.S. at 231*; al-Kidd* 563 U.S. at 74; *Mullenix,* 577 U.S. 7 at 12; *Wesby*. 583 U.S. at 63–64. Accordingly, cause the Officers are entitled to qualified immunity Plaintiff's complaint should be dismissed with prejudice.

WHEREFORE PREMISES CONSIDERED, the Officers respectfully request that Plaintiffs claims against each be dismissed with prejudice, and the Officers be awarded any relief to which they may be entitled.

RESPECTFULLY SUBMITTED,

DEBORAH THOMAS, CITY ATTORNEY
VASU BEHARA, LITIGATION DIVISION CHIEF

 /s/   Luke McHenry
Luke McHenry
State Bar No. 24057993
Luke.McHenry@austintexas.gov
Assistant City Attorney
City of Austin
P. O. Box 1546
Austin, Texas 78767-1546
Telephone (512) 974-2401
Facsimile (512) 974-1311

**ATTORNEYS FOR DEFENDANTS KYLE JENNINGS, ALEXANDER LOMOVSTEV, JULIAN OGLE, VINCENT NGUYEN, JOE AGUILAR, AND JONATHON BYNUM**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Kyle Jennings, Alexander Lomovstev, Julien Ogle, Vincent Nguyen, Joe Aguilar, and Jonathon Bynum's Motion to Dismiss has been provided to the following, in accordance with the Federal Rules of Civil Procedure, on June 29, 2026. I understand the CM/ECF system will send a Notice of Electronic Filing to the following counsel of record.

James Michael Sailors
1300 W 24th St B 109
Austin, Texas 78705
Telephone: (512) 200-1215
James.sailors22@gmail.com

**PLAINTIFF (pro-se)**

Elaine Casas
State Bar No. 00785750
Elaine.Casas@traviscountytx.gov
Susana Naranjo-Padron
State Bar No. 24105688
Susana.Naranjo-Padron@traviscountytx.gov
Assistant County Attorneys

**ATTORNEYS FOR DEFENDANT**
**ADA WILLA COCKSHUTT**

/s/  *Luke McHenry*
Luke McHenry