**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| JAMES MICHAEL SAILORS,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:26-CV-00165-DAE |
| OFC. KYLE JENNINGS #7076,<br>SGT. ALEXANDER LOMOVSTEV#6317,<br>OFC. JULIAN OGLE #7787,<br>OFC. VINCENT NGUYEN #9583,<br>OFC. JOE AGUILAR #8267,<br>OFC. JONATHAN BYNUM#5611,<br>ADA WILLA COCKSHUTT,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**DEFENDANT ADA WILLA COCKSHUTT'S
REPLY TO PLAINTIFF'S (SECOND) RESPONSE IN OPPOSITION TO MOTION
(FILED AS ECF 16)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant ADA Willa Cockshutt ("Defendant"), by and through her attorney of record, the Travis County Attorney, and files her Reply to Plaintiff's (Second) Response in Opposition to Motion (filed as ECF 16). In support thereof, Defendant would show the following:

**I.**

1.      This is a civil rights case that was filed on January 22, 2026.  ECF 1. Defendant ADA Cockshutt filed her Motion to Dismiss on June 2, 2026. ECF. 9. Plaintiff filed his 36-page response to Defendant's Motion to Dismiss on June 18, 2026.  ECF 10.  Along with his Response, Plaintiff filed a Motion to File Excess Pages for this pleading. Attached to his Motion for Leave, Plaintiff included a version of his response that was 39 pages long. Defendant timely filed her Reply to Plaintiff's (First) Response to Defendant's Motion to Dismiss on June 25, 2026. ECF 13.

2.      The next day, on June 26, 2026, this Court entered a text order granting Plaintiff's Motion for Leave to File Excess Pages relating to his Response to Defendant ADA Cockshutt's Motion to Dismiss. On the same day, the 39-page version of Plaintiff's Response to Motion that had been attached to his Motion for Leave was filed. ECF No. 16. These two responses seemed identical, but ECF 10 is 36 pages long and ECF 16 is 39 pages long.

3.      As explained, Defendant has already replied to Plaintiff's response. ECF 13. All of the arguments in that reply still apply. As such, Defendant ADA Cockshutt incorporates the arguments set out on ECF 13 as fully set out herein.

4.      Prosecutorial immunity applies to a prosecutor's actions in initiating the prosecution of a case and in carrying the case through the judicial process. *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony or of manufacturing evidence. *Id.* at 318, n.9. Plaintiff complains that Defendant ADA Cockshutt possessed video evidence that she failed to turn over, constituting a Brady violation. Plaintiff has failed to state a claim upon which relief can be granted because the Fifth Circuit has specifically held that the suppression of exculpatory evidence is shielded by absolute immunity. *See Truvia v. Julien*, 187 F. App'x 346, 348 (5th Cir. 2006) (*citing Cousin v. Small*, 325 F.3d 627, 635 & n.11 (5th Cir. 2003)). *Pickett v. Murphy,* No. 9:17-CV-00029-RC, 2019 WL 1141940, at *3 (E.D. Tex. 2019). In the *Truvia* case, the Fifth Circuit held that Section 1983 claims asserted against a prosecutor in his individual capacity stemming from his direct participation in suppression of Brady evidence in criminal prosecution were barred by absolute prosecutorial immunity. *See Truvia v. Julien*, 187 F. App'x 346, 348 (5th Cir. 2006) (*citing Cousin v. Small*, 325 F.3d 627, 635 & n.11 (5th Cir. 2003)).

ADA Willa Cockshutt's Reply to Plaintiff's Response to ADA Willa Cockshutt's Motion to Dismiss Pursuant to FRCP 12(b)(6)

1370848.1  383.501                                                                                                    2

5. Every allegation scenario involving ADA Cockshutt occurred in the course of prosecuting a criminal case, and she is entitled to absolute prosecutorial immunity. No actions she could have taken with regard to Plaintiff's vehicles would have been administrative or investigative. All her actions related to the case, regardless of the case finally being resolved by dismissing the charges.

**WHEREFORE**, Defendant ADA Willa Cockshutt prays that the Court grant her Motion Dismiss and further provide any and all relief to which she may be entitled to by law.

///

ADA Willa Cockshutt's Reply to Plaintiff's Response to ADA Willa Cockshutt's Motion to Dismiss Pursuant to FRCP 12(b)(6)

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:    (512) 854-9513
Facsimile:    (512) 854-4808

By:    */s/ Elaine Casas*
ELAINE CASAS
State Bar No. 00785750
Elaine.Casas@traviscountytx.gov
SUSANA NARANJO-PADRON
State Bar No. 24105688
Susana.Naranjo-Padron@traviscountytx.gov
Assistant County Attorneys
*Attorneys for Defendant*
*ADA Willa Cockshutt*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

And I hereby certify that a true and correct copy of the foregoing will be sent via email on the 1st day of July, 2026, to the following

**Via email: james.sailors22@gmail.com**
James Michael Sailors
1300 W 24th Street, B109
Austin, Texas 78705
Pro Se

*/s/ Elaine Casas*
ELAINE CASAS
Assistant County Attorney

ADA Willa Cockshutt's Reply to Plaintiff's Response to ADA Willa Cockshutt's Motion to Dismiss Pursuant to FRCP 12(b)(6)

1370848.1  383.501                                                                                           4